Matter of Orchid C. (Tiffany C.) (2019 NY Slip Op 03289)





Matter of Orchid C. (Tiffany C.)


2019 NY Slip Op 03289


Decided on April 30, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 30, 2019

Renwick, J.P., Richter, Gesmer, Kern, Singh, JJ.


9137

[*1]In re Orchid C. and Another, Dependent Children Under the Age of Eighteen, etc., Tiffany C., Respondent-Appellant, New York Foundling Hospital, Petitioner-Respondent.


Neal D. Futerfas, White Plains, for appellant.
Daniel Gartenstein, Long Island City, for respondent.



Order, Family Court, New York County (Clark V. Richardson, J.), entered on or about January 23, 2017, which denied respondent mother's motion to vacate an order of fact-finding and disposition, same court and Judge, entered on or about July 7, 2016, upon her default, which, upon a finding of permanent neglect, terminated respondent's parental rights to the subject children, and freed them for purposes of adoption, unanimously affirmed, without costs.
Family Court providently exercised its discretion in denying the mother's motion to vacate her default, since she failed to submit an affidavit setting forth a reasonable excuse for failing to appear and a meritorious defense. Moreover, the affirmation from the mother's counsel failed to demonstrate a reasonable excuse for her absence from the proceeding (see Matter of Serenity Victoria M. [Allison B.], 150 AD3d 486 [1st Dept 2017]; Matter of Yadori Marie F. [Osvaldo F.], 111 AD3d 418, 419 [1st Dept 2013]). In particular, the mother failed to submit evidence in support of her argument that her chest pains prevented her from appearing in court during the fact-finding hearing, which occurred on two different dates, or to explain why she was unable to inform counsel or the court that she could not appear.
Since the mother failed to demonstrate a reasonable excuse for her default, this Court need not reach the issue of whether she presented a meritorious defense (see Matter of Serenity Victoria M., 150 AD3d at 486). In any event, the mother failed to demonstrate a meritorious defense, since she failed to submit an affidavit in support of her motion, and her counsel only set forth general, unsubstantiated statements that are insufficient to establish a meritorious defense (see Matter of Lenea'jah F. [Makeba T.S.], 105 AD3d 514, 515 [1st Dept 2013]). Moreover, she failed to submit evidence that she had participated in mental health treatment, complied in taking her medication, or attempted
to secure housing and a source of income (see Matter of Paul G.D.H. [Yvonne H.], 147 AD3d 699, 700 [1st Dept 2017]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 30, 2019
CLERK